Scott, judge,
delivered the opinion of the court.
This was an action of ejectment brought by the plaintiff in error against the defendant in error for lands and lots in Marion comity. In consequence of adverse instructions, the plaintiff submitted to a non- *363 suit, and after an unsuccessful application to set it aside, sued out this writ of error.
The plaintiff claimed the premises in controversy under a sheriff’s-sale and deed, on a judgment dated 4th May, 1840, on which execution issued 1st July, 1842, returnable to the first Monday of September, fallowing. The execution was levied 2d July, 1842, and the sale was made 18th August, 1843. On the 5th April, 1843, a scire facias was sued out on the above mentioned judgment for the purpose of continuing the lien of' it, and a judgment of revival was entered on the 24th. Nov., 1843, after a sale of the premises had taken place.
The defendant’s title was-a sheriff’s deed, under a judgment entered 11th January, 1840, on which execution issued 19th Aug., 1842, returnable to the- first Monday in September following : which was levied the day of its date, and the sale under it was made 18th August, 1843.
This controversy has arisen from the failure of the judge to hold a session of the circuit court at the return term of the writ; and the act of the general assembly, approved 24th Feb., 1843, Sess. acts, page 61, which was passed before the next regular term of the court, and which postponed its session until the first Monday in August, 1843. The 15th section, of the above recited act provides-that no recognizance suit or other-matter shall be dismissed, discontinued, or fail by reason of the alteration of the times of holding said courts ; and sales of property which world have been made at the first term, as heretofore established, shall be made at the next term to be held under this act. The act concerning courts, Rev.. Co.de 1835, page 160, sec. 52, provides that no. writ, process, plea, or proceeding whatsoever, civil or criminal, shall he deemed discontinued or abated by reason of the failure of any term, or session of any court; but the same shall be continued on as if no such failure or adjournment had taken place.
The defendant contended that by virtue of these acts, his-Ren was preserved, and no scire facias was necessary to continue it. The plaintiff, on the other hand, maintained that the liens being executed by statute, could continue for no longer time than was allowed by law, and, having expired before the sale, the subsequent revival of the judgment by scire facias issued before the expiration of. tbs lien, related back and gave him a priority.
The court entertaining views corresponding with those contended for by tlie defendant, ruled accordingly.
The obvious intent of the acts above cited, was to annihilate, as it were, the time intervening between the return day of the writs and *364 that to which their execution was postponed. They were designed to malie the writs as effectual to all intents and purposes, as if executed at the term to which they were made returnable. The delay was involuntary and against the consent of- the party, and to hold that it worked him an injury would be the greatest injustice. The words of the statute are sufficiently comprehensive to hear this interpretation, and respect for the general assembly requires that they should, he thus construed.
The lien of-the judgment, under which the defendant dedupes his title, was prior to that of the plaintiff, and long before the expiration of the prior lien, an execution was sued out and delivered to the sheriff, the effect of which was to continue that lien until the execution of the writ, although the time had elapsed during which the lien of a judgment continues. Rev. Code, title Execution, sec. 18. It would he an act of supererrogation to require him to revive his judgment in order to preserve his property. The only effect of it would be delay. Then the prior levy of the execution under the junior judgment, although the lien of that had not expired, did not divest the priority of the older judgment.
The judgment reviving the lien of the junior judgment was not rendered until after a sale of the premises in dispute. The party thus by his own act having disposed of the. property on which he wished to impose or continue his lien, it is obvious that the judgment of revival could not relate back and give the purchaser at the sheriff’s sale a right which did not exist at the time of the purchase. The party suing out the scire facias to recover his judgment was under no obligations, to continue the proceedings after the sale. He might have discontinued it at his pleasure ; the purchaser, therefore, could not have been influenced in his conduct by any assurance of a revival of the lien. If the sale of the propferty did not satisfy the judgment, the revival would have had the effect of reviving the lien on any real estate owned by the defendant in the execution, or which he had disposed of while subject to it, but surely a creditor could not thereby entitle himself to a lien on property of the defendant which had been disposed of by his own act.
The judgment of the court below is affirmed, the other judges concurring. ‘