### IN

# THE SUPREME COURT

#### OF

## THE STATE OF MISSOURI,

### JULY TERM, 1870, AT JEFFERSON CITY.

---

JOHN D. WOOD, Plaintiff in Error, *v.* L. F. MESSERLY *et al.*,
Defendants in Error.

1. *Executions levied second term after judgment.*—The act of March 23, 1863 (Sess. Acts 1863, p. 20), going into operation after the issue, but before the expiration of an execution, extended it and the lien of the levy on real estate created by it till the next term of court at which the land could be sold, even though it were later than the second term after the date of judgment. The use of the future tense in the words "shall not be sold at the next term," etc., refers to the date of the execution and not that of the act, and its provisions are not confined to cases where the failure to sell arose after the passage of the act. No *venditioni exponas* or new execution was necessary unless the old one had been returned.

### Error to First District Court.

*Ewing & Smith*, with *Burke & Howard*, for plaintiff in error.

I. The execution under the above statute continued in force until the March term, 1863, when it became *functus officio*. If it was then intended to revive or continue the levy in force, it was necessary either to procure from the court a writ of *venditioni*

*exponas* or to cause the issue of said execution anew under the provisions of the act of March, 1863 (Sess. Acts 1863, p. 20). It was impossible to impart life to the executions beyond the second term of court of issue, unless the two methods provided by law were resorted to. (36 Mo. 115; 2 Tidd's Pr. 1019; Lackey v. Lubke, 36 Mo. 115.)

II. The case relied on in 43 Mo. 322, by defendants in error, has no application to the case at bar. The execution now under consideration was issued prior to the passage of the law of 1863, and the case in 43 Mo. 322 was where an execution was issued under the act of 1863.

*Draffen & Muir*, and *John W. Moore*, for defendants in error, relied on Sess. Acts 1863, p. 20, § 2; R. C. 1855, execution act, § 54.

BLISS, Judge, delivered the opinion of the court.

The plaintiff brings ejectment, and derives title by deed from one K. H. Wood, and defendants hold possession as purchasers upon execution against him. The plaintiff seeks to defeat defendants' title through the execution for the reason, as he claims, that it was *functus officio* at the time of the sale. It appears that it was issued in March, 1862, returnable at the next September term; that the property was duly levied upon and advertised for sale at said September term, but the court adjourned before the day of sale. A sale being thus rendered impossible, "without fault of the officer," the execution was continued in force by the provisions of section 54, chapter 63, page 748, of the revision of 1855, which provides that where a sale can not be made at the first term in which it is to be made, it shall be continued to the end of the second term; so that, for the purposes of sale, this execution was kept alive until the end of the March term, 1863. But the record shows that no March term was held, and the sale was not actually made until the September term, 1863. This the plaintiff contends was altogether too late; the execution was dead, and, without a *venditioni exponas*, the sale could not be made, and was a nullity.

The defendants would sustain the sale by the provisions of two different acts. First, they rely upon section 56 of chapter 47, page 541, of the revision of 1855, which provides that no writ, process, etc., shall be deemed discontinued or abated by reason of the failure of any term of court, etc., but that the same shall be continued, etc. ; and Judge Scott, in The Bank v. Wells, 12 Mo. 361, seems to give this effect to the act, though it is not quite certain whether the execution is sustained in that case by this act or by another one cited, or by both together.

The other act upon which the defendants in the case at bar rely is that of March 23, 1863, which provides, first, for the revival of dormant executions, and second, "that those now issued, or that may hereafter be issued, and levied upon real estate, if it shall not be sold at the next term from which the execution has been or may be issued, the execution and lien shall continue until a term of court when it can be sold." This statute has been fully considered by this court in Stewart v. Severance, 43 Mo. 322, and in McDonald v. Gronefeld, 45 Mo. 28, and full effect is given to all its beneficent provisions. The only question now to be considered is whether they apply to executions like the one under consideration, and of this I have no doubt. The second section provides, first, for executions already issued and levied, or to be issued and levied. This execution had been issued, was still alive, and the levy had been made. It provides also for cases where the real estate shall not be sold at the next term from which it has been issued. In this case the real estate was not sold for the reason before given. It provides that the execution and the lien should continue until a term when it can be sold, which in this case was the September term following. The only possible objection to this construction arises from a mere verbal criticism upon the tense of the term "shall not be sold," etc., seeking to make the provision apply only to cases where the failure to sell shall arise after the passage of the act. This is seeking to subject the object and spirit of the act to the letter. But this verbal criticism will not stand; for it is evident that the future tense, "shall not be sold at the next term," etc., has reference not to the date of the act, but to the date of the execution.

17—VOL. XLVI.

If there were any doubt whatever as to the effect of section 2 of the act, it is removed by the clear provisions of section 1, which revives " all executions heretofore issued and not satisfied." This act of 1863, then, going into effect a few days before the expiration of the execution, extends it and the lien of the levy until the sale in September following. No *venditioni exponas* or new execution was necessary unless the old one had been returned, and the claim of the plaintiff in this regard is without foundation.

The plaintiff also complains of some of the declarations of law by the court, and that its finding did not conform to others. But it is of no consequence what these declarations were. The material facts are undisputed, and, as matter of law, they vest the title in the defendants.

The judgment, therefore, of the court was correct, and is affirmed. The other judges concur.