## DURRETT v. HULSE *et al.*, *Appellants.*

67 201
96 225

**Judgment**, LIEN OF, CONTINUED BY EXECUTION. The issue and levy of an execution upon real estate, during the existence of the lien of the judgment, continues such lien until the writ can be duly executed; and a sale thereunder confers a better title than that under a deed of trust given after the inception of the judgment lien, but prior to the issue and levy of the execution, (*following Bank v. Wells,* 12 *Mo.* 361).

*Appeal from Ralls' Circuit Court.*—HON. JOHN T. REDD, Judge.

*Waters & Winslow* for appellants.

The judgment was in existence at the passage of the stay law of 1861, (Laws 1860–61, p. 28, Sec. 1). This law, so far as the existing judgment was concerned, was unconstitutional. *Gentry v. Baily,* 1 Mo. 164; *Brown v. Ward,* 1 Mo. 209 ; *Bumgardner v. Circuit Court,* 4 Mo. 50 ; *Stevens v. Andrews,* 31 Mo. 205 ; *Bruns v. Crawford,* 34 Mo. 330 ; *Donnell v. Stephens,* 35 Mo. 441 ; *Lapsley v. Brashears,* 4 Litt. (Ky.) 47 ; *Grayson v. Lilly,* 7 Monr. (Ky.) 10 ; *Stephenson v. Basnett,* 7 Monr. (Ky.) 50 ; *Townsend v. Townsend,* 1 Peck. (Tenn.) 131 ; *Dormire v. Cogley,* 8 Blackf. (Ind.)

177 ; *Strong v. Daniel*, 5 Ind. 348 ; *McCracken v. Hayward*, 2 How. 608.

The law will not be declared valid and effectual to suspend the execution in a case where a judgment lien would be lost by the delay. Aside from this, the judgment creditor had ample time after the passage of the stay law to have issued his execution under its provisions, and sold the land during the existence of his lien. On the 26th day of August, 1862, the lien of the judgment expired by limitation, and the lien of the deed of trust immediately attached as the prior lien upon the land. The rights or lien of the judgment creditor under his levy instantly became junior to the deed of trust, and the levy of the execution during the existence of the lien of the judgment did not continue that lien one instant against the deed of trust. *Trapnall v. Richardson*, 13 Eng. (Ark.) 543 ; *Isaac v. Swift*, 10 Cal. 71 ; *Bagley v. Ward*, 37 Cal. 121 ; *Rogers v. Druffel*, 46 Cal. 654 ; *Little v. Harvey*, 9 Wend. 158 ; *Tufts v. Tufts*, 18 Wend. 621 ; *Davis v. Ehrman*, 20 Pa. St. 258 ; *Terry v. Hemenway*, 53 Ill. 98 ; *Gridley v. Watson*, 53 Ill. 186 ; *Conwell v. Watkins*, 71 Ill. 448 ; *Thompson v. Phillips*, 1 Baldwin's C. C. 246 ; *Tucker v. Shade*, 25 Ohio St. 355.

*Dryden & Dryden* with *H. S. Lipscomb*.

The statute (Sess. Acts 1861, p. 28,) operated to continue the lien of the levy of July to the time of the sale. Besides the levy continued the lien of the judgment, and its priority until the writ was executed. *Bank v. Wells*, 12 Mo. 361 ; *Bruce v. Vogel*, 38 Mo. 100 ; *Wood v. Messerly*, 46 Mo. 255 ; *Union Bank v. Manard*, 51 Mo. 548. It was proper for the clerks and sheriff to obey the directions of the act of 1861, whether constitutional or not, and plaintiff should not suffer from that obedience. It was no fault of the sheriff that the sale was not sooner made. Sec. 54, p. 748 ; 1 Rev. Stat. of 1855, continued in 1 Wag. Stat.,

p. 611, § 51, preserved the lien of the judgment until sale under the writ.

SHERWOOD, C. J.—Ejectment. The judgment under which plaintiff claims, was rendered August 26, 1859, execution issued April 20th, 1862, returnable March, 1863, and levied July 2, 1862, sale occurred March 25, 1863, and deed executed April 1, of that year. The defendant claims under a deed of trust, executed February 23, 1861, and sale thereunder June 11th, 1863. The court below held that plaintiff had acquired the title, and so do we. (*Bank v. Wells*, 12 Mo. 361; *Wood v. Messerly*, 46 Mo. 255.) Judgment affirmed. All concur.

AFFIRMED.