HUFF v. MORTON *et al.*, *Plaintiffs in Error*.

1. **Practice**: COMMON GRANTOR : TITLE : EJECTMENT. In ejectment, when plaintiff and defendant claim through a common source of title, it is sufficient for the plaintiff to deduce his title from the common source.

2. **Judgment, Lien of**: LEVY OF FIERI FACIAS : CONTINUATION OF LIEN : SALE. The levy of a writ of *fieri facias* under a judgment constituting a lien upon land has the effect of continuing the lien of the judgment until the end of the second term, and where a sale, for any cause, is not made at the return term of the writ, the officer has power to sell under it after such term and before the end of the second term. (G. S., 1865, p. 646, sec. 51; R. S., sec. 2389).

3. **Venditioni Exponas, Character of.** The writ of *venditioni exponas* is not a writ of authority and gives the officer no authority not previously possessed by him, but is only a command to execute the writ of *fieri facias*. The property levied upon could be sold as well without as with a *venditioni exponas*.

4. **Land and Land Titles** : PURCHASER AT SHERIFF'S SALE : DEED OF TRUST EXECUTED AFTER JUDGMENT. A purchaser at a sheriff's sale, under a judgment constituting a valid and subsisting lien, acquires a title superior to that acquired under a deed of trust executed by the judgment debtor subsequent to the date of the judgment.

5. **Practice** : INSTRUCTION. It is not error to refuse an instruction when there is no evidence upon which to base it.

*Error to Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*Smith, Silver & Brown* and *W. S. Shirk* for plaintiffs in error.

(1) The court erred in admitting in evidence the second deed offered by plaintiff. *Boothroyd v. Engles*, 23 Mich. 19. (2) Plaintiff's title is fatally defective in

not showing a conveyance from Divers to Snelling. 1 Whar. Evid., sec. 90. Plaintiff should have shown that the deed was not recorded, and that he, therefore, could not produce the record of the deed, before being allowed to introduce oral proof as to same. A plaintiff in ejectment cannot recover on the weakness of defendant's title, but must rely on the strength of his own. *Siemers v. Schrader*, 14 Mo. App. 14 ; *Foster v. Evans*, 51 Mo. 39. (3) The fifth instruction should have been given, as asked by defendants. Defendants had the better title under the deed of trust executed December 20, 1870. Freeman on Ex., sec. 205. An execution does not operate as a lien after the writ has been returned. *Brown v. Sheriff*, 1 Mo. 154. A *vendi.* only properly issues when the sheriff fails to sell for want of bidders, or for lack of time, or for some similar reason. It does not apply where the parties themselves stop the sale. Hermann on Executions, sec. 35. (4) The fourth and sixth instructions asked by the defendants should have been given. The evidence in the case afforded a sufficient foundation for them, and the law declared in them falls within the ruling of this court when the cause was here before. 83 Mo. 403.

*W. W. Wood* for defendant in error.

(1) No error was committed in admitting the deed from Snelling to Caldwell. *Haux v. Batteen*, 68 Mo. 84. (2) No objection was made below as to the sufficiency of the foundation laid for the introduction of oral testimony as to the contents of the deed from Divers to Snelling, and the question cannot be raised for the first time in this court. *Kuntz v. Temple*, 48 Mo. 71 ; *Boyse v. Burt*, 34 Mo. 71 ; *Waldo v. Russell*, 5 Mo. 387 ; *Bauer v. Franklin Co.*, 51 Mo. 205 ; *Baker v. Crandall*, 78 Mo. 592. (3) Plaintiff and defendants both claimed title from a common source, and it was

sufficient for plaintiff to deduce his title from the common source without going further. *Butcher v. Rogers*, 60 Mo. 138 ; *Miller v. Hardin*, 64 Mo. 546 ; *Charles v. Patch*, 87 Mo. 450 ; *Smith v. Lindsey*, 89 Mo. 76. (4) The fifth instruction asked by defendants was properly refused. The lien of the original writ, and of the levy thereunder were continued by the *venditioni exponas* and conferred as ample title as could have been transferred under and by virtue of the original liens. R. S., sec. 2389 ; Freeman on Ex., secs. 57, 60 ; *Hicks v. Ellis*, 65 Mo. 176, 186 ; *Wood v. Messely*, 46 Mo. 255 ; *Wood v. Augustine*, 61 Mo. 46 ; *Wack v. Stevenson*, 54 Mo. 481 ; *Kane v. McCown*, 55 Mo. 186, 196. (*a*) A *venditioni exponas* could not legally have been issued until after the return of the execution showing a levy. Freem. Ex., sec. 57. (*b*) And the reason for failure to sell is immaterial. Freem. Ex., sec. 57, *supra ;* R. S., sec. 2389. (*c*) The issuance of the *venditioni exponas* was done by order of the court and was a judicial act. The court passed upon the question as to whether the facts authorized its issue, and if there was any error in the proceedings Foster should have appealed. Freem. on Ex., sec. 23. The defendants being purchasers from Foster, after the order was made they are in privity with him and bound by the order of the court. *Crispen v. Hannovan*, 50 Mo. 415 ; *Cooley v. Warren*, 53 Mo. 166. (*d*) The statute (sec. 2839) was enacted for the purpose of obviating the necessity of issuing the writ of *venditioni exponas*. The common-law writ may, however, be issued, the remedy provided by the statute being merely cumulative. *Kane v. McCown*, 58 Mo. 186, 196. (5) There was no evidence upon which to base the fourth and sixth instructions.

BRACE, J.—A statement of this case, which is now before this court for the second time, will be found in the former opinion rendered at the October term, 1884.

*Huff v. Morton*, 83 Mo. 399. The only new feature presented in this record results from the introduction by the defendants, on the retrial, of a deed of trust from M. W. Foster to Wallace Pratt, trustee, dated December 20, 1872, and a deed from said trustee to defendant, The Northwestern Mutual Insurance Company, lessor of its co-defendant, Morton, dated August 2, 1874. The introduction of these deeds and claim of title under them by defendants renders it unnecessary to notice the defects alleged to exist in plaintiff's claim of title from the government to Foster, he being the common source of title from whom both parties claim. *Smith v. Lindsey*, 89 Mo. 76 ; *Miller v. Hardin*, 64 Mo. 545.

The court held that the plaintiff's title, under the sheriff's deed and sale made on the twenty-fifth of February, 1874, was superior to that of the defendant under the deed of trust of Foster, of December 20, 1872, and in so holding the court was right. The judgment against Foster was rendered December 23, 1870. On the second day of October, 1873, a *fieri facias* was issued thereon and on the same day levied on the premises in controversy. The writ was returnable to the October term following. At the return term the sale was stopped at the request of the attorneys for the plaintiff and defendant in the execution, and the writ returned not satisfied, the return showing the levy and the reason why the sale was not made. Thereupon the court ordered that a writ of *venditioni exponas* issue for a sale of the premises. On the twenty-third day of January, 1874, the writ issued reciting the execution, levy, return, and order, and the sale was made at the February term, that being the next ensuing regular term of the court after the October term.

The lien of the judgment would have expired December 23, 1873. The levy of the writ of *fieri facias* on the premises on the second day of October, 1873, had the effect of continuing the lien of the judgment until the execution

of the writ. *Bank of Missouri v. Wells,* 12 Mo. 362. It is provided by section 2389, Revised Statutes, 1879, (sec. 51, p. 646, G. S., 1865), that "in all cases where an execution is * * * issued and levied by the proper officer upon real estate, and for any cause a sale of such real estate shall not be made at the next term of the court of the county in which such sale is to be made, the execution and the lien thereby created shall remain and continue in force until the end of the second term of the court of the county where the land is situate and until a term of said court is held ; at which said real estate may be sold according to law."

If the lien of the judgment was, by virtue of the levy, continued until the execution of the writ, and the writ could be lawfully executed by a sale of the premises before the end of the next term after the return term, if, for any cause such sale was not made at the return term, then the officer had just the same power to sell the property levied upon, after the return of the writ and before the end of the next term, as he had to sell at the return term. Until the end of the second term, under the statute, the lien of the judgment, the life of the execution, and the power to sell were preserved by the levy. The writ of *venditioni exponas* is not a writ of authorization. It may be called a branch of the writ of *fieri facias,* commanding the officer to execute that writ. It gives the officer no authority not previously possessed by him. Notwithstanding the return of that writ, he could sell the property levied upon as well without as with a *venditioni exponas.* Freeman on Executions, secs. 58, 59.

The sale was not made by virtue of any authority conferred upon the officer by that writ, but by virtue of the levy of the execution issued upon a valid and subsisting judgment which was a lien upon the premises at the time the levy was made, which lien, as well as the execution, was in force at the time of the sale by the

terms of the statute, and the deed of the sheriff to the purchaser at such sale vested in the plaintiff a title superior to that of the defendant acquired under the deed of trust executed by Foster two years after the date of the judgment. *Hicks v. Ellis*, 65 Mo. 176; *Stewart v. Severance*, 43 Mo. 323; *Wood v. Messerly*, 46 Mo. 255.

The court committed no error in refusing defendants' instructions—the fifth for the reasons above stated, and the fourth and sixth for the reason that there was no evidence on which to base them.

The judgment of the circuit court is affirmed. All concur, except Ray, J., absent.