MARY E. KELMEL, Defendant in Error, v. W. F. NINE, Plaintiff in Error.

**Kansas City Court of Appeals, November 19, 1906.**

**APPELLATE PRACTICE: Writ of Error: Notice: Quieting Title.** A writ of error is a new action and notice is required under the statute; and the Court of Appeals has no jurisdiction to issue such writ in a case to quiet title to land. Such writ should be dismissed where it is sued out by one defendant and no reason assigned for the non-joinder of the co-defendant.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo L. Burnes*, Judge.

WRIT DISMISSED.

*Sandusky & Sandusky* for plaintiff in error.

*Durall & Durall* for defendant in error.

Filed brief on merits.

BROADDUS, P. J.—This suit was to quiet title to certain described lands mentioned in the petition. On the 10th day of October, 1904, the court found in favor of the plaintiff and against all the defendants, and rendered a judgment and decree that the plaintiff was the owner in fee of said lands and that defendants had no right, title, interest or estate whatever, in or to the same, nor any part thereof; and further ordered and adjudged that she recover of defendants her costs. Defendants duly filed motion for new trial and in arrest of judgment. On February 15, 1905, these motions were severally considered by the court and overruled. On the 1st day of May, 1905, the defendant Nine only, in his own behalf, made and filed an affidavit for an appeal and asking that an appeal be allowed to the Supreme Court.

It does not appear that there was any order of the court granting such appeal. On the 18th day of October, 1905, the defendants sued out a writ of error from this court returnable to the March term thereof for the year 1906. On October 2, 1906, the plaintiff filed her motion to dismiss the writ for the following reasons:

First, because no notice was served on her of the issuance of said writ as required by law.

Second, this court had no jurisdiction to issue said writ and has no jurisdiction of this cause for the reason that said cause involves the title to real estate; and a writ of error being the institution of a new suit, it should have issued from the Supreme Court.

Third, because defendant, W. F. Nine, is one of a number of parties defendant in the judgment rendered in this cause, and the other parties defendant in said judgment do not join in the writ of error sued out.

On January 19, 1906, Durall & Durall, attorneys, sent through the mail a notice to plaintiff and Sanduskey & Sanduskey, her lawyers, who had conducted her case up to the final judgment therein, that the defendant had appealed from the decision in the case to the Kansas City Court of Appeals. Sanduskey & Sanduskey received the notice and wrote to B. C. Durall to the effect that they did not feel that they were authorized to accept service of notice of appeal, as she was of the opinion that the case was settled. Afterwards, it seems that said notice was sent through the mail to the plaintiff at Liberty, Missouri. On March 7, 1906, defendants appellant filed in this court separate printed copies of the record in the case and also separate copies of his abstract and brief. Upon one of the former, we find a statement to the effect that on March 3, 1906, two copies of the within printed record were mailed by W. F. Nine, to plaintiff at her address, Liberty, Missouri, signed by W. F. Nine.

There is nothing to show that plaintiff was served

with a copy of defendant's statement, brief and argument. The statute requires that a person suing out a writ of error must cause a notice in writing of such fact to be served on the opposite party or his attorney of record, twenty days before the return day of such writ. [R. S. 1899, sec. 852; Kenner v. Doe Run Lead Co., 141 Mo. 248.] The defendant did not give such notice, but gave notice that he had appealed his case. This was not such a notice as the statutes required. In law, it was equal to no notice whatever, as he had taken no appeal, and if he had done so, no notice was required.

A writ of error is a new action. [Macklin v. Allenberg, 100 Mo. 343.] And as the action is one to quiet title to land, this court had no jurisdiction to issue the writ.

And furthermore the writ will be quashed because only one of defendants applied for the same and no reason assigned why the others have not joined in the application therefor. [Secs. 839, 840, R. S. 1899.]

Motion sustained and the writ dismissed. All concur.