WILLIAM T. HAINES, Appellant, v. JOHN M. CARROLL.—38 S. W. (2d) 1047.

Division One, May 21, 1931.

*Irwin & Bushman* and *Kay & Starling* for appellant.

*Barney Reed* and *Stillwell & Fendorf* for respondent.

STURGIS, C.—This case was brought to enforce the specific performance of a contract to convey real estate. The amount of land involved is small, a tract thirty feet wide by about three hundred feet long; and the value is small, about four or five dollars. Plaintiff says he wants the land for a roadway so as to give him a more convenient outlet from his farm. The evidence sustained the making of the contract sued on and defendant cannot be commended for refusing the conveyance, but we must decide the case on legal principles. The contract sued on was verbal, but plaintiff and defendant concede that performance of the contract on plaintiff's part takes the case out of the Statute of Frauds. The evidence is sufficient to show that plaintiff performed his part of a verbal contract wherein defendant agreed to convey this land by quit-claim deed to plaintiff.

The question on which the case turned in the trial court arises from the fact that the eighty acres of land of which the tract in controversy is a part, was, at the time of the contract in question, the homestead of defendant and his wife and children, and there is no claim that the wife was a party to the contract, nor is she a

party to this suit. The wife seems not to have been consulted and had nothing to do with the alleged contract. The answer sets up that the contract sued on covers part of defendant's homestead on which he and his wife make their home and have done so for many years, and that the wife never signed nor assented to the alleged contract and refuses to join in any conveyance. The defendant sets up and relies on the statute, Section 608, Revised Statutes 1929, which provides, among other things: "The husband shall be debarred from and incapable of selling, mortgaging or alienating the homestead in any manner whatever, and every such sale, mortgage or alienation is hereby declared null and void: *Provided, however,* that nothing herein contained shall be so construed as to prevent the husband and wife from jointly conveying, mortgaging, alienating or in any other manner disposing of such homestead, or any part thereof." Plaintiff does not seriously question, and the evidence shows, that the land in question is part of defendant's homestead and that defendant's wife has in no way joined in any contract to convey same, or even assented to any such conveyance. The trial court finally decided the case for defendant, and plaintiff has appealed.

With commendable frankness, the appellant makes but one point and rests his case on the statement of what he claims to be the law, "that the husband can sell his homestead subject to all homestead and dower rights of his non-joining wife." His argument is that the contract is enforceable so far as the husband is concerned and that whatever interest the wife has in the land is not affected; that if the wife survive the husband and the homestead rights of the wife and children become consummate by the husband's death, then the wife and children could repudiate this contract and any conveyance thereunder, but until that time the husband's conveyance would stand in force. Such, however, is not the plain reading of the statute which makes the husband incapable of selling or alienating the homestead in any manner whatever, and declares every such sale or alienation null and void.

The appellant claims that there is a conflict in the authorities in this State on the question of enforcing a contract of this character as against the husband, and cites the cases of Stephens v. Stephens, 183 S. W. 572, and Fields v. Jacobi, 181 S. W. 65. The Stephens case, supra, was written by Judge BOND and therein he injected the doctrine here contended for, that homesteads are mere life estates engrafted on the fee, and that the fee could be sold and conveyed subject to the homestead rights without in any way disturbing or impairing the homestead. In this Stephens case Judge BOND says: "That the husband, without the joinder of his wife, cannot alienate the homestead or impose a burden on its enjoyment, is too clear for

comment; but that he may sell the land subject to all homestead rights and dower rights of a non-joining wife is uncontrovertible in reason and under a correct construction of our statutes, and the ruling to the contrary in Armor v. Lewis (252 Mo. 568) is erroneous and should not be followed. [Fields v. Jacobi, 181 S. W. 64.]'' This decision was handed down in Division One of this court, composed of four judges, only one of whom concurred with Judge BOND, and the other two judges expressly dissented as to this portion of the opinion and called attention to the fact that Armor v. Lewis, supra, was a decision by the Court en Banc and could not be overruled by the divisional opinion of Fields v. Jacobi, 181 S. W. 65. This last case was written by Commissioner RAILEY and was concurred in and adopted by Judges BOND and BLAIR, but the other two judges of the division dissented as to the part of the opinion dealing with this question. Neither of these opinions, therefore, is an authoritative decision on this question.

On the contrary, this question again came before the Court en Banc in Bushnell v. Loomis, 234 Mo. 371, 394, where this court held void a deed of trust on the homestead tract because not executed by the wife along with her husband. The court there said: ''There was no power in the husband to make a valid deed without the joinder of the wife. In an elaborate note to the case of McDonald v. Sanford, 9 Am. & Eng. Ann. Cas. l. c. 14, the learned annotator thus summarizes the rule as well as the cases: 'A conveyance of the homestead by the husband without the consent or joinder of his wife cannot operate by estoppel or otherwise against him, though it is executed by him voluntarily, and for a valuable consideration. It is simply void—a nullity, to all intents and purposes. . . . The statute in effect declares a conveyance or incumbrance of the family homestead by the husband alone void, not only as to the wife, but also as to the husband himself. Therefore neither is estopped from asserting the homestead right as against the grantee or mortgagee. Such is the view sanctioned by the clear weight of authority and supported by the soundest reasoning. To hold that such a conveyance could be enforced as against the husband while void as to the wife and children would not only be absurd in the extreme, but would be a flagrant usurpation of legislative powers. [Whitlock v. Gosson, 35 Neb. 829.] Where a husband attempts to mortgage or alienate the homestead without the joinder of his wife, the instrument is void, and neither the husband nor the wife is estopped thereby to question the rights of the mortgagee or grantee therein.' '' Judge BOND alone dissented in that case.

In Growney v. O'Donnell, 272 Mo. 167, 181, this Court en Banc held that a conveyance of the homestead not executed by the wife is absolutely void as to both husband and wife so far as the homestead

and dower is concerned, but such conveyance is not void as to conveyed land other than the homestead.

Recently this Court en Banc in Glitzke v. Ginsberg, 258 S. W. 1004, said: "Appellant's next contention is that as the statute (Section 5853, Revised Statutes 1919) expressly makes every sale, mortgage or alienation of the homestead, by the husband null and void, a contract to convey the homestead, executed by the husband alone, cannot be made the basis of a decree for specific performance. That this is a correct statement of the law in the abstract, we have no doubt. See Bushnell v. Loomis.''

It is, therefore, the settled law of this State that any conveyance of the homestead tract of land or part of it by the husband alone is not only void as to the wife and children, but also as to the husband, and that a contract to convey made by the husband alone cannot be enforced.

A suggestion is made that the conveyance of the small tract in question cannot materially impair the homestead or interfere with its occupation and use, especially so since this tract is to be used for a public roadway; but the alleged contract provides that the tract would be conveyed by quit claim deed to plaintiff, and when thus conveyed, there is nothing to insure its perpetual use as a common highway. Besides, if a half acre of the homestead tract can thus be alienated by the husband alone, why cannot five or ten acres be so conveyed? The result of so holding would be obvious.

The final conclusion of the learned trial judge was in accordance with the law as we find it and the judgment of the trial court should be affirmed. It is so ordered. *Seddon* and *Ferguson, CC.,* concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur.