W. O. GUM v. S. L. WOLFINBARGER, Appellant.—93 S. W. (2d) 667.

Division Two, April 23, 1936.

*Ruark & Ruark* for appellant.

*A. R. Dunn* for respondent.

WESTHUES, C.—Respondent filed this suit in the Circuit Court of Newton County, Missouri, seeking specific performance of a con-

tract wherein appellant agreed, for a stated consideration, to convey by warranty deed a tract of land located in Neosho, Newton County. Respondent filed a general demurrer to appellant's answer, which was sustained by the trial court. Appellant refused to plead further and a decree was entered as prayed for in the petition, whereupon appellant appealed.

The sufficiency of the petition was not questioned. In it respondent asked for specific performance and alleged that he had fully performed his part of the contract, but that appellant refused to convey the land as he had agreed. Appellant's answer, in addition to a general denial, stated that appellant was a married man and the head of a family; that he had resided upon the tract of land in question for many years and occupied and used such tract as a part of his homestead and that the wife of appellant had not signed or executed the contract which respondent sought to enforce. Appellant's answer contained other matters which we need not discuss.

By the filing of a general demurrer respondent admitted the truth of the facts pleaded in the answer. Respondent first insists that the appeal in this case should be dismissed because appellant failed to file a motion for new trial and failed to except to the ruling of the trial court in sustaining the demurrer. A general demurrer has always been considered a part of the record proper. If an appeal is taken at the same term at which a general demurrer is sustained and judgment entered, the ruling of the trial court may be reviewed by an appellate court. [Schwettmann v. Sander, 7 S. W. (2d) 301; Wayland v. Kansas City, 321 Mo. 654, 12 S. W. (2d) 438, l. c. 440 (2); Collins v. Saunders, 46 Mo. 389; Hovey v. Grier, 324 Mo. 634, 23 S. W. (2d) 1058, l. c. 1061 (1, 2).] In the case before us appellant, on the same day the demurrer was sustained and the judgment entered, filed his application and affidavit for an appeal, which was granted. We are, therefore, authorized to review the action of the trial court in sustaining respondent's demurrer to appellant's answer and entering a judgment thereon. After the demurrer was sustained respondent filed a motion for .judgment on the pleadings. Respondent urges that appellant cannot be heard on appeal because he did not except to the ruling of the court in sustaining the motion. This motion, filed by respondent, was superfluous. The judgment of the trial court recited that appellant refused to plead after the demurrer was sustained. The court was thereupon authorized to enter judgment. It was not necessary for respondent to file a further pleading or motion. There is no merit in respondent's contention that the appeal should be dismissed.

The decree entered by the trial court contained the following provision: "This judgment, however, in no manner to affect the

dower interest now held by the wife of said S. L. Wolfinbarger in and to said land.'' It is contended, by respondent, that the decree in this case in no way affects the dower right, or homestead of the wife. Appellant contends that a husband's contract to convey, or any deed of a husband conveying a homestead, without the wife joining therein, is void and that, therefore, the trial court in this case erred in decreeing specific performance of the contract to convey appellant's homestead because the wife of appellant had not signed the contract. This contention must be sustained. In a recent case, Haines v. Carroll, 327 Mo. 1026, 38 S. W. (2d) 1047, this identical question was decided by Division One of this court. In that case plaintiff sought specific performance of a contract to convey real estate which has been signed by the defendant in the case but not by his wife. It was there pointed out that it was the settled law in this State that any conveyance, or contract to convey a homestead, by the husband alone, was void, not only as to the wife and children, but also as to the husband. Section 608, Revised Statutes 1929 (Mo. Stat. Ann., p. 4221), and many cases by this court were considered and reviewed upon the question before us. The reading of that opinion will disclose that this court en banc has ruled upon this precise question. In Glitzke v. Ginsberg, 258 S. W. 1004, l. c. 1006, the court en banc said:

''Appellant's next contention is that as the statute (Sec. 5853, R. S. 1919 [now Sec. 608, R. S. 1929]) expressly makes every sale, mortgage, or alienation of the homestead by the husband null and void, a contract to convey the homestead, executed by the husband alone, cannot be made the basis of a decree for specific performance. That this is a correct statement of the law in the abstract we have no doubt. [See Bushnell v. Loomis, 234 Mo. 371, 137 S. W. 257, 36 L. R. A. (N. S.) 1029.]''

The case of Bushnell v. Loomis, referred to, was also decided by the court en banc. We deem it unnecessary to review this question again and refer to the case of Haines v. Carroll, supra, as fully settling this question. It will not be necessary to discuss other points raised.

The judgment of the trial court is reversed and the cause remanded. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.